ARGÜELLES, PETITIONER, v. ROSSY, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of *Certiorari* to the Judge of the District Court of San Juan, Section 2.

No. 104.—Decided November 7, 1913.

CERTIORARI—APPEAL—MOTION FOR INSPECTION OF BOOKS—ORDINARY REMEDY.— Although an order overruling a motion for the inspection of books is not appealable, nevertheless, as it is a decision or ruling upon a contested motion, it is considered excepted to by force of law and subject to review upon a review on appeal of the final judgment; therefore the said order cannot, be reviewed in *certiorari* proceedings on the ground that the petitioner has no ordinary remedy at law.

ID.—ORDINARY REMEDY—DISCRETION OF COURT.—Although a writ of *certiorari* is of an extraordinary character and does not lie generally in cases where the law provides another ordinary mode of redress, nevertheless, if the ordinary remedy, on account of the dilatoriness of the procedure which governs it, might result in a complete or partial failure of justice, the extraordinary remedy of *certiorari* will lie, it being well understood that as *certiorari* is not a writ of right it may be granted or refused at the discretion of the court receiving the application.

ID.—MOTION FOR INSPECTION OF DOCUMENTS—TACIT ADMISSION.—When the promissory note which is the subject-matter of the action is copied in a verified complaint, the defendant, whose answer is not verified and contains only a general denial of the facts and therefore tacitly admits the genuineness of the promissory note, cannot plead effectively the necessity of inspecting said original note as a ground for a motion for leave to inspect documents and for a petition for a writ of *certiorari* to review the overruling of said motion.

ID.—NECESSITY OF REMEDY—EVIDENCE.—The extraordinary recourse of *certiorari* cannot be employed to review decisions relative to the admission or exclusion of evidence, and, by analogy, it cannot be invoked for the purpose of reviewing an order overruling a motion to inspect documents when, as in the case at bar, the necessity of the remedy sought is not shown.

The facts are stated in the opinion.

*Mr. Eugenio Benítez Castaño* for petitioner.

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On June 26, 1912, the Bank of Porto Rico brought suit in the District Court of San Juan, Section 2, against Solá e Hijo, Solá, Argüelles & Co. and Benjamín Forteza, to recover a

loan of $2,000 which the three defendants jointly and severally bound themselves, in a promissory note dated August 31, 1910, to pay to the plaintiff on December 5 of the same year. The note was transcribed in the complaint, in which it was alleged that the time was extended to February 16, 1912.

In his answer to the complaint Magín R. Argüelles alleged among other facts the following, under paragraphs 4 and 5 of his third ground of defense:

"4. The promissory note referred to in the complaint was cancelled after its maturity and renewed several times after the date on which Magín R. Argüelles ceased to be a member of the firm of Solá, Argüelles & Co., said renewals having been made without the knowledge or consent of the defendant Argüelles.

"5. Defendant Magín R. Argüelles alleges that before the renewal of said note, which was made without his knowledge or consent, the firm of Solá, Argüelles & Co. was solvent and had more than sufficient assets to discharge the said liability."

After the answer was filed a motion was made by counsel for Magín R. Argüelles alleging that an inspection of the original note copied in the complaint as well as of the books of account of the plaintiff bank was necessary for his defense in order to enable him to establish the facts on which he based allegations 4 and 5 of his third ground of defense, which inspection would be limited to an examination of the entries relative to the extensions of time, payment of interest and cancellation of the note on which the complaint is based, and concluding with the prayer that, in accordance with section 314 of the Code of Civil Procedure, the adverse party be ordered to permit the mover to make the inspection requested.

The court overruled the said motion in its order of June 24 of the present year, and the present application for a writ of *certiorari* is the result of that ruling. The applicant bases his petition for a review of the proceedings of the court below on an alleged violation of section 314 of the Code of Civil Procedure, alleging besides that he had no other speedy,

adequate and efficient remedy at law, because the said order
is not appealable. The writ of *certiorari* was issued on Octo-
ber 10 last and the hearing was set for the 20th of the same
month. The original record of the case was brought up to
this court and we have deduced therefrom the facts herein-
before set forth.

It is true that no appeal lies from the aforesaid order, as
it is not included in the appealable orders enumerated in sec-
tion 295 of the Code of Civil Procedure. However, as it is
a decision or ruling upon a contested motion, it should be
considered as excepted to by force of law and therefore
subject to review upon a review on appeal of the final judg-
ment in the case, provided that it be made a part of the
record.

This being the case, it is obvious that the petitioner can-
not assert that he has no other remedy than the writ of *cer-
tiorari;* but not for that reason, however, can we hold that the
writ of *certiorari* does not lie.

The writ of *certiorari* is of an extraordinary character
and does not lie generally in cases where the law provides
another ordinary mode of redress, but if the ordinary remedy,
on account of the dilatoriness of the procedure which gov-
erns it, might result in a complete or partial failure of jus-
tice, the extraordinary remedy of *certiorari* will lie, it being
well understood that as *certiorari* is not a writ of right, it
may be granted or refused in the discretion of the court
receiving the application.

In the cases of *Méndez* v. *Soto Nussa,* 13 P. R. R., 366,
and *Núñez* v. *Soto Nussa,* 14 P. R. R., 190, we adopted, sub-
ject in application to the discretion of the court, the rule laid
down by the Supreme Court of Missouri in the distinguished
opinion delivered by Judge Sherwood in June, 1900 (*Hamil-
ton* v. *Gainotte,* 50 L. R. A., 794), reading as follows:

"A remedy by appeal or writ of error is not sufficient to bar a
*certiorari* unless it is adequate to meet the necessities of the case;
that is to say, equally beneficial, speedy and sufficient; not merely a

remedy which at some time in the future will bring about a reversal of the judgment complained of, but a remedy which will promptly relieve the petitioner from the injurious effects of that judgment and the acts of the inferior court or tribunal.''

In view of the rule quoted above and in the exercise of our discretion, should we review the proceedings of the lower court in this case in the present *certiorari* proceedings?

Section 314 of the Code of Civil Procedure, which the petitioner invokes in his defense against the order of the lower court of June 24 last, reads as follows:

''Section 314.—Any court in which an action is pending, or a judge thereof, may, upon notice, order either party to give to the other, within a specified time, an inspection and copy, or permission to take a copy, of entries of account in any book, or of any document or paper in his possession or under his control, containing evidence relating to the merits of the action, or the defense therein. ＊ ＊ ＊ This section is not to be construed to prevent a party from compelling another to produce books, papers, or documents, when he is examined as a witness.''

The petitioner alleged in his overruled motion that in order to prove that the promissory note on which recovery was sought was canceled after its maturity and renewed on several occasions subsequent to his retirement from the firm of Solá, Argüelles & Co., as alleged in his answer to the complaint, it was necessary that he inspect the original note copied in the complaint as well as the books of account of the plaintiff bank, adding in explanation that such inspection would be confined to the entries relative to the extensions of time, payment of interest and cancellation of the note on which this action is brought.

We see no reason why the petitioner should be shown the original note copied in the complaint, for his answer was not verified; for which reason, as well as for the reason that the said answer merely makes a general denial of the facts, the genuineness of the note should be deemed admitted in accordance with the provisions of section 119 of the Code of Civil Procedure, reading as follows:

'Section 119.—When action is brought upon a written instrument, and the complaint contains a copy of such instrument, or a copy is annexed thereto, the genuineness and the execution of such instruments are deemed admitted, unless the answer denying the same be verified.''

The answer was not verified nor does it contain a specific denial of the genuineness of the promissory note.

In regard to the refusal to allow an inspection of the books of account of the plaintiff bank in order to prove allegations 4 and 5 of the third ground of defense, we have quoted these allegations in full and from the literal wording thereof we can only deduce that the defendant Argüelles desired from said inspection to adduce evidence to show the cancellation of the note after its maturity and its renewal after the date on which Argüelles withdrew from the firm of Solá, Argüelles & Co., for it is apparent that the books of the bank would not show whether the firm of Solá, Argüelles & Co. was solvent and had assets more than sufficient to satisfy the amount of the obligation.

In the application for the writ of *certiorari* (which to attest the good faith of the petitioner should have been sworn to) it is not even alleged that the refusal of the lower court to authorize the inspection of the books of the bank left the petitioner without any other means of proving at the trial the allegations to which he refers in his answer, and it was his duty to prove the necessity of the remedy sought.

In deciding the case of Méndez against Soto Nussa we stated that the writ of *certiorari* was never intended to reach the admission or exclusion of evidence, and that principle is applicable to the case at bar in which a means of securing evidence, such as the inspection of the books of the adverse party, has been denied, which denial, as we have said before, may be reviewed when the final judgment is reviewed on appeal.

For the reasons stated we are not inclined in this case to exercise our discretion to the extent of reviewing in *certiorari*

proceedings the order of the District Court of San Juan, Section 2, entered on June 24 last. Therefore, the writ of *certiorari* heretofore issued should be quashed and the original record returned to the lower court to be proceeded with according to law.

*Writ quashed and petition denied.*

Justices Wolf, del Toro and Aldrey concurred.
Mr. Justice MacLeary took no part in this decision.